
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO HERNANDEZ-RAMOS, AKA Arturo Gonzales, | Nos. 13-70154 <br> 13-72096 |
| Petitioner, | Agency No. A095-734-742 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA,[**] District Judge.

Alejandro Hernandez-Ramos ("Hernandez-Ramos"), a native and citizen of

Mexico, petitions for review of his final order of removal as well as the denial of

his motion to reopen seeking the opportunity to apply for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). Because we grant the petition for review of the motion to reopen, No. 13-72096, we dismiss as moot the petition for review of the underlying removal order, No. 13-70154.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the Board of Immigration Appeals' ("BIA") denial of a motion to reopen for abuse of discretion. "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'" *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

On March 13, 2013, Hernandez-Ramos filed a timely motion to reopen with the BIA to apply for asylum, withholding of removal, and protection under the CAT. The BIA denied the motion to reopen, and Hernandez-Ramos filed the instant petition for review. To prevail on a motion to reopen, Hernandez-Ramos must demonstrate, *inter alia*, that he is prima facie eligible for the relief he seeks.[1] *See Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003). To establish a prima facie case "the evidence [must] reveal[] a reasonable likelihood that the statutory

---

[1] The BIA found that Hernandez-Ramos met the other requirements for a motion to reopen, stating that the evidence submitted was previously unavailable and that the circumstances occurred after Hernandez-Ramos had been ordered removed. *See* 8 C.F.R. § 1003.2(c)(1).

requirements for relief have been satisfied." *Id. (quoting In re S–V*, 22 I. & N. Dec. 1306 (BIA 2000)).

Therefore, the critical issue in this proceeding is whether the BIA correctly concluded that Hernandez-Ramos failed to "present[] sufficient evidence to establish that he now is prima facie eligible for asylum, withholding of removal or protection under the CAT."

**Asylum and Withholding of Removal**

"The BIA has long and consistently held that 'kinship ties' are the sort of common and immutable characteristic that give rise to a 'particular social group.'" *Thomas v. Gonzalez*, 409 F.3d 1177, 1184 (9th Cir. 2005) (en banc) (*vacated on other grounds*, 547 U.S. 183 (2006)). Moreover, we have rejected any argument that "a family can constitute a particular social group only when the alleged persecution on that ground is intertwined with one of the other four grounds enumerated in 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A)." *Id.* at 1188; *see also Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015).

Here, although not a model of clarity, we agree with the BIA that Hernandez-Ramos based his claim for asylum and withholding on his membership in a protected social group consisting of individuals "who have family members in

Mexico who have been targeted by Los Zetas." In evaluating this claim, the BIA stated that "[t]he respondent contends that the deaths of his family members and friends show he is in danger, but the respondent has not provided sufficient information to establish that these deaths occurred on account of one of the five statutory grounds . . . ." In requiring Hernandez-Ramos to support his motion with evidence that establishes the basis for his asylum and withholding claims, the BIA applied an incorrect legal standard and therefore abused its discretion. *See Ordonez*, 345 F.3d at 785 (stating that we do not "require[] a conclusive showing that eligibility for relief has been established.").

Hernandez-Ramos's burden at this stage is to show there is a reasonable likelihood that he would be targeted on account of his relationship to his family if he were to return to Mexico. *See Rios*, 807 F.3d at 1128; *Ordonez*, 345 F.3d at 785. Hernandez-Ramos has met his burden: given the recent deaths of several family members, as well as the surveillance and questioning of his immediate family, Hernandez-Ramos has established a reasonable likelihood that he would be targeted by either Los Zetas, or the government in concert with Los Zetas, on account of his kinship ties. Having presented evidence of his ties to his family, he has presented a prima facie case for relief. *Rios*, 807 F.3d at 1128.

**Convention Against Torture**

4

In determining Hernandez-Ramos's eligibility for CAT relief, the BIA also committed legal error and thereby abused its discretion. After analyzing Hernandez-Ramos's evidence, the BIA stated that it was "not sufficient to establish that the respondent has a clear probability of facing torture at the hands of or with the acquiescence of the Mexican government." This is not the correct standard—in a motion to reopen, Hernandez-Ramos does not need to demonstrate a "clear probability" that he will suffer torture, but rather a reasonable likelihood that it is more likely than not that he will suffer torture in Mexico. *See Ordenez*, 345 F.3d at 785; *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). As Hernandez-Ramos has demonstrated a reasonable likelihood that he will be killed upon returning to Mexico, he has met his burden in his motion to reopen. *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) ("Acts constituting torture are varied, and include beatings and killings."); *see also Reyes v. Lynch*, 842 F.3d 1125, 1142 (9th Cir. 2016).

In denying Hernandez-Ramos's motion to reopen, the BIA applied the incorrect legal standards and thereby abused its discretion. Accordingly, we grant the petition for review in No. 13-72096, and remand to the BIA with instructions to reopen so that Hernandez-Ramos can pursue his applications for asylum,

5

withholding of removal, and protection under the CAT.  The petition for review in the consolidated matter, No. 13-70154, is dismissed as moot.

The Petition for Review in No. 13-72096 is GRANTED and REMANDED.

The Petition for Review in No. 13-70154 is DISMISSED as moot.